AO 245B (Rev 06/05) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.

MAICO CARBAJAL

JUDGMENT IN A CRIMINAL CASE

CASE NUMBER: 8:11-cr-373-T-30AEP
USM NUMBER: 54978-018

Defendant's Attorney: Bryant Camareno, ret.

THE DEFENDANT:

X  pleaded guilty to count(s) ONE and ELEVEN of the Indictment.
_  pleaded nolo contendere to count(s) which was accepted by the court.
_  was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1), 846, 841(b)(1)(A)(viii) | Conspiracy to Distribute and Possess With Intent to Distribute 50 Grams or More of Methamphetamine (actual), and 500 Grams or More of a Mixture Containing Methamphetamine | July 7, 2011 | One |
| 18 U.S.C. § 9824(c)(1)(A) and § 2 | Possession of a Firearm During and in Relation to Drug Trafficking Crime | June 13, 2011 | Eleven |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X  Count(s) TWO, THREE, FOUR, FIVE, FIVE, SIX and NINE of the Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: March 13, 2012

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: March 13, 2012

## IMPRISONMENT

After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ONE HUNDRED and THIRTY-EIGHT (138) MONTHS. This term consists of SEVENTY-EIGHT (78) MONTHS as to Count One of the Indictment and SIXTY (60) MONTHS as to Count Eleven of the Indictment, with Count Eleven running consecutively with Count One of the Indictment.

__X__ The court makes the following recommendations to the Bureau of Prisons: The defendant shall be placed at FCI Coleman.

__X__ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

 ___ at ___ a.m./p.m. on ___.
 ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

 ___ before 2 p.m. on ___.
 ___ as notified by the United States Marshal.
 ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

 Defendant delivered on _____ to _____
___ at _____, with a certified copy of this judgment.

              _____
              United States Marshal

           By:_____
              Deputy United States Marshal

## SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS as to Counts One and Eleven of the Indictment, all such terms to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

X  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

__X__   The defendant shall submit to a search of his person, residence, place of business, any storage units under his control, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

__X__   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

__X__   The mandatory drug testing provisions pursuant to the Violent Crime Control Act are waived. However, the Court orders the probation officer to conduct random drug testing not to exceed 104 tests per year.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| Totals: | $200.00 | Waived | N/A |

— The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

— The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Totals: | $ | $ | |

- Restitution amount ordered pursuant to plea agreement $_____.

- The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

- The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   - the interest requirement is waived for the ___ fine ___ restitution.

   - the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant: MAICO CARBAJAL  
Case No.: 8:11-cr-373-T-30AEP

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $__200.00__ due immediately, balance due

      ___ not later than _____, or

      ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. ___ Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

___ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:


___ The defendant shall pay the cost of prosecution.

___ The defendant shall pay the following court cost(s):

__X__ The defendant shall forfeit the defendant's interest in the following property to the United States:

The Forfeiture Money Judgment is made a part of this judgment.


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:11-cr-373-T-30AEP

MAICO CARBAJAL

## FORFEITURE MONEY JUDGMENT

Before the Court is the United States' Motion for a Forfeiture Money Judgment (Doc. 112) in the amount of $10,500.00, which upon entry shall become a final order of forfeiture as to defendant Maico Carbajal.

The Court hereby finds that the United States has established that the amount of proceeds attributable to the defendant as a result of the methamphetamine conspiracy alleged in Count One of the Indictment, in violation of 21 U.S.C. § 846, is $10,500.00.

As defendant Maico Carbajal has been convicted of the violation alleged in Count One, the United States is now entitled to a forfeiture money judgment against the defendant in the amount of the proceeds of the conspiracy. Accordingly, the United States' motion (Doc. 112) is GRANTED.

Pursuant to the provisions of 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2(b)(2), defendant Maico Carbajal is jointly and severally liable with his co-conspirators for a forfeiture money judgment in the amount of $10,500.00,

which represents the amount of proceeds the defendant obtained as a result of the methamphetamine conspiracy as charged in Count One of the Indictment.

The Court retains jurisdiction to enter any further order necessary for the forfeiture and disposition of any property belonging to the defendant, which the United States is entitled to seek as substitute assets, up to the amount of the $10,500.00 forfeiture money judgment, and to address any third party claim that may be asserted in these proceedings.

**DONE** and **ORDERED** in Tampa, Florida on March 5, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2011\11-cr-373.forfeit 112 Maico.wpd

2